# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| BRENDA MILLER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:07-CV-00952-RWS |
| BEAZER HOMES USA, INC., et al., | : | |
|     Defendants. | : | |
| | : | |
| STEVE M. WILLET, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:07-CV-01079-RWS |
| BEAZER HOMES USA, INC., et al., | : | |
|     Defendants. | : | |
| | : | |
| LORENE DE STEFANO, | : | |
|     Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:07-CV-1098-RWS |
| BEAZER HOMES USA, INC., et al., | : | |
|     Defendants. | : | |
| | : | |
| PATRICK DENNING, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:07-CV-1401-JTC |
| BEAZER HOMES USA, INC., et al., | : | |
|     Defendants. | : | |

## ORDER CONSOLIDATING RELATED ACTIONS AND APPOINTING INTERIM LEAD PLAINTIFFS AND INTERIM CO-LEAD AND LIAISON COUNSEL

The above-styled cases are before the Court for consideration of

Plaintiffs Miller and Willet's Motion for Consolidation of All Related Actions

and For Appointment of Interim Lead Plaintiffs and Interim Lead Counsel [20

in Case Co. 1:07-CV-952] and Plaintiffs Denning and De Stefano's Motion for

Consolidation of Related Actions and For Appointment of Interim Lead

Plaintiffs and Interim Co-Lead and Liaison Counsel [22 in Case No. 1:07-CV-

952].  After consideration of the submissions of the parties, the Court enters the

following Order.

The Plaintiffs' Motions to Consolidate are **GRANTED**.  Accordingly,

the following related actions are hereby consolidated for all purposes, pursuant

to Fed. R. Civ. P. 42(a):

• *Miller v. Beazer Homes USA, Inc.,* Case No. 1:07-CV-952, filed April 30, 2007

• *Willet v. Beazer Homes USA, Inc.,* Case No. 1:07-CV-1079, filed May 11, 2007

• *De Stefano v. Beazer Homes USA, Inc.,* Case No. 1:07-CV-1098, filed May 14, 2007

• *Denning v. Beazer Homes USA, Inc.,* Case No. 1:07-CV-1401, filed June 15, 2007

2

Based on the Court's review of the Complaint on file in this action and the Complaints in the actions listed above, the lawsuits involve identical questions of law and fact, and consolidating these actions will avoid unnecessary waste of judicial resources and additional costs and delay to the parties.

The caption of these consolidated actions shall be "In re: Beazer Homes USA, Inc. ERISA Litigation" and the files of these consolidated actions shall be maintained in one file under Master File No. 1:07-CV-00952-RWS, (the "Consolidated Action").  Any other actions now pending or later filed in the district which arise out of or are related to the same facts as alleged in the above-identified cases shall, until further order of this Court, be consolidated for all purposes pursuant to Fed. R. Civ. P. 42(a) into the Consolidated Action, if and when they are brought to the Court's attention.

All pleadings filed in the Consolidated Action, or in any separate action included herein, shall be filed in the Master File and shall bear the following caption:

AO 72A
(Rev.8/82)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE: BEAZER HOMES USA, INC.

ERISA LITIGATION

_____

CIVIL ACTION NO.

1:07-CV-00952-RWS

Motions for Appointment as Interim Lead and Liaison Counsel have been

filed by Stull, Stull & Brody, Gainey & McKenna, and Greenfield Millican,

P.C., and by Keller Rohrback LLP, Schiffrin Barroway Topaz & Kessler, LLP,

and Holzer, Holzer & Fistel LLC.  In selecting lead counsel, the Court is

required to appoint counsel who will "fairly and adequately represent the

interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).  In making this appointment,

the Court must consider:

> the work counsel has done in identifying or investigating potential
> claims in the action,
>
> counsel's experience in handling class actions, other complex
> litigation, and claims of the type asserted in the action,
>
> counsel's knowledge of the applicable law, and
>
> the resources counsel will commit to representing the class.

4

AO 72A
(Rev.8/82)

Federal Rule of Civil Procedure 23(g)(1)(C)(i).  The Court may also consider

"any other matter pertinent to counsel's ability to fairly and adequately

represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(C)(ii).  All counsel

seeking appointment are qualified to adequately represent the interests of the

Class.  However, after due consideration, the Court hereby **APPOINTS** Keller

Rohrback LLP and Shiffrin Barroway Topaz & Kessler LLP as Interim Co-

Lead Counsel and Holzer, Holzer & Fistel LLC as Interim Liaison Counsel for

Plaintiffs in the Consolidated Action.  The Court's decision is based upon the

work counsel have performed in identifying and investigating potential claims

in the action as well as their knowledge and experience in this area of law.  The

Court is convinced that counsel will commit adequate resources to assure the

proper handling of the Class claims.  Finally, the Court has had experience with

counsel in previous cases before this Court in which counsel effectively and

efficiently represented class members in complex litigation.  In Re: Mirant

Corp. ERISA Litigation, Case No. 1:03-CV-1027-RWS; Spivey v. Southern

Co., Case No. 1:04-CV-1912-RWS.

Interim Co-Lead Counsel shall have the authority to perform or delegate

the performance of the following matters on behalf of all Plaintiffs in the

Consolidated Action:

5

AO 72A
(Rev.8/82)

(a)     directing, coordinating, and supervising the prosecution of

Plaintiffs' claims in the Consolidated Action;

(b)     initiating, responding to, scheduling, briefing, and arguing all

motions;

(c)     appearing at all hearings and conferences regarding the case;

(d)     determining the scope, order, and conduct of all discovery

proceedings;

(e)     assigning work to Plaintiffs' counsel as necessary and appropriate

under the circumstances;

(f)     retaining experts;

(g)     communicating with the Court;

(h)     communicating with Defendants' counsel;

(i)     conducting settlement negotiations on behalf of Named Plaintiffs

and the Class;

(j)     collecting and reviewing time and expense records from all

Plaintiffs' counsel on a monthly basis and at the conclusion of the

case, as necessary and appropriate under the circumstances, and

submitting a fee and costs application;

AO 72A
(Rev.8/82)

(k)      coordinating activities to avoid duplication and inefficiency in the

filing, serving, and/or implementation of pleadings, other court

papers, discovery papers, and discovery practice, and, generally, in

the litigation;

(l)      performing such other duties that may be incidental to proper

coordination of Plaintiffs' pretrial activities or authorized by

further order of the Court.

Interim Co-Lead Counsel shall have authority to communicate with

Defendants' counsel and the Court.  Interim Co-Lead Counsel shall also have

the authority to enter into agreements with Defendants' counsel that are binding

on all Plaintiffs.

To the extent any other Plaintiffs' counsel are designated by Interim Co-

Lead Counsel to assist with the prosecution of this action, all such Plaintiffs'

counsel shall keep contemporaneous time and expense records, in the form

requested by Interim Co-Lead Counsel, and shall provide such records on a

monthly basis to the Interim Co-Lead Counsel, or as otherwise requested by

Interim Co-Lead Counsel.

Plaintiffs' Interim Liaison Counsel shall act at the direction of Interim

Co-Lead Counsel and shall assist Interim Co-Lead Counsel in facilitating

7

coordination and communications among counsel for the parties and with the

Court and otherwise assist in the coordination of discovery, presentations, at

pretrial conferences and other pretrial activities.

Defendant may satisfy their service obligations under Fed. R. Civ. P. 5(a)

by serving Interim Co-Lead Counsel and Interim Liaison Counsel.

Patrick Denning and Lorene De Stefano are **APPOINTED** Interim Lead

Plaintiffs.

The parties shall proceed pursuant to the schedule established by the

Consent Order Regarding Consolidated Complaint, Briefing, and Discovery

Schedules [33] entered October 3, 2007.

**SO ORDERED**, this __11th__ day of October, 2007.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

8